IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ROCKIE DURAL PICKENS**                                                                **PLAINTIFF**

v.                                              CIVIL ACTION NO. 1:19-CV-948-HSO-JCG

**MARIA MOMAN, et al.**                                                           **DEFENDANTS**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is a prisoner suit filed pursuant to 42 U.S.C. § 1983 by Plaintiff Rockie Dural Pickens, who is proceeding *pro se*. Plaintiff filed this suit in Jackson County Circuit Court on October 21, 2019, while housed at the Jackson County Adult Detention Center. The Jackson County Circuit Court granted Plaintiff's Application to Proceed *in Forma Pauperis*. Plaintiff has failed to prosecute and obey the orders of the Court; therefore, the undersigned recommends that this action be dismissed without prejudice.

## DISCUSSION

Plaintiff filed suit against Maria Moman and Mike Ezell on October 21, 2019, alleging deliberate indifference to his serious medical needs and interference with the free exercise of his religion (ECF No. 1-2). Defendant Ezell removed the action to this Court on December 11, 2019 (ECF No. 1). The summons issued to Defendant Moman had been returned as undeliverable, with the indication that she was no longer employed at the facility (ECF No. 1-2 at 41). On January 24, 2020, Ezell filed a Motion to Dismiss (ECF No. 10) and a Memorandum in Support (ECF No. 11). He originally mailed a copy of the Motion to Plaintiff at the Detention Center, but after

1

learning that Plaintiff had been transferred to the Central Mississippi Correctional Facility, Ezell mailed a copy of the Motion to Plaintiff's new address. However, Plaintiff failed to respond. Therefore, the Court entered an Order to Show Cause (ECF No. 15) on March 3, 2020. Plaintiff's deadline to respond was March 31, 2020. The Court mailed the Order to both Plaintiff's address of record and the new address provided by Ezell. After Plaintiff failed to respond to the Order, the Court entered its Second Order to Show Cause (ECF No. 17) on April 6, 2020. Plaintiff's deadline to respond was April 29, 2020. The Order was again mailed to Plaintiff's address of record and the address provided by Ezell. To date, Plaintiff has not responded to either Order to Show Cause or the Motion to Dismiss.

The Court has the authority to dismiss an action for failure to prosecute under Federal Rule of Civil Procedure 41(b) and under its inherent authority to dismiss an action *sua sponte. See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. *Id.* at 629-30. As a general rule, dismissals under Federal Rule of Civil Procedure 41(b) are permitted only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly

determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNARSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Additionally, under Rule 4, a failure to serve a defendant "must" result in dismissal. Fed. R. Civ. P. 4(m).

On review, the undersigned finds a clear record of delay and contumacious conduct by Plaintiff. Plaintiff has not responded to either of the Court's Orders to Show Cause (ECF Nos. 15 & 17). Plaintiff was warned that his failure to abide by the Court's Orders or to advise the Court of a change of address would be deemed a purposeful and contumacious act by him that would result in the case being dismissed. He was also warned that he was responsible for providing the information necessary to secure valid service on Moman. Mail sent to the Plaintiff has been returned undeliverable four times (ECF Nos. 5, 9, 16, & 18). Ezell has also indicated that documents he has sent to Plaintiff have been returned undeliverable (ECF Nos. 6, 7, 8, & 14). It is presumed that Plaintiff is no longer interested in pursuing this case. He has not filed a pleading or otherwise corresponded with the Court since this case was removed. Lesser sanctions than dismissal would not prompt diligent prosecution.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that this action be dismissed without prejudice.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 11th day of May, 2020.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE